J-S10043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT |
| | : | OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| VICTOR BUENO | : | |
| | : | |
| Appellant | : | |
| | : | No. 822 MDA 2025 |

Appeal from the PCRA Order Entered June 9, 2025
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000297-2022

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 23, 2026**

Appellant, Victor Bueno, appeals *pro se* from the June 9, 2025 order denying his first petition filed under the Post Conviction Relief Act (PCRA) 42 Pa.C.S. §§ 9541-46. After review, we affirm.

The relevant facts of this case were aptly summarized by a prior panel of this Court. *See Commonwealth v. Bueno*, 484 MDA 2023, 2024 WL 510987, at *1-2 (Pa. Super. filed February 9, 2024) (unpublished memorandum). Briefly, Appellant was convicted of possession with intent to deliver a controlled substance, possession of a stolen gun, and related

offenses. **See id.**[1] Appellant filed a direct appeal to this Court, and we affirmed his judgment of sentence on February 9, 2024. **See id.** at *4.

Appellant did not file a timely petition for allowance of appeal to our Supreme Court. However, on May 28, 2024, Appellant filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc*. Our Supreme Court denied the petition for allowance of appeal *nunc pro tunc* on November 19, 2024. Order, 11/19/24, 77 MM 2024 (single page).

Appellant subsequently filed a *pro se* PCRA petition that was docketed on March 24, 2025. On March 26, 2025, the PCRA court appointed PCRA counsel. On May 19, 2025, PCRA counsel filed a **Turner**/**Finley** no-merit letter[2] and a petition to withdraw as counsel. On May 20, 2025, the PCRA court issued a notice of intention to dismiss the petition without hearing pursuant to Pa.R.Crim.P. 907.

The PCRA court dismissed Appellant's PCRA petition on June 9, 2025. Order, 6/9/25. Appellant filed a timely appeal, and both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

---

[1] 18 Pa.C.S. § 3925(a) (receiving stolen property); 18 Pa.C.S. § 6105(a)(1) (persons not to possess firearms); 35 P.S. § 780-113(a)(30) (possession with intent to deliver a controlled substance); 35 P.S. § 780-113(a)(16) (possession of a controlled substance); 35 P.S. § 780-113(a)(32) (possession of drug paraphernalia). **Bueno**, 2024 WL 510987, at *4, fn. 1.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On appeal, Appellant raises three claims of error, which we quote verbatim:

Claim One: The PCRA Court erred by not providing Mr. Bueno the opportunity to object to the dismissal of Bueno's PCRA petition without a hearing pursuant to Rule 907 or the opportunity to file an amended PCRA petition pursuant to Rule 905. Where the court failed to serve Mr. Bueno with the 907 notice to dismiss. The docket statement depicts that the Rule 907 order was docketed, but the statement also depicts that the court failed to serve Mr. Bueno the Rule 907 notice, denying Bueno the opportunity to object and amend his PCRA petition. Thus, Bueno request that his case be remanded to the PCRA Court, granting him Nunc Pro Tunc statue to object to the dismissal of his PCRA petition and to move for leave to amend his PCRA petition.

Claim Two: PCRA Counsel was ineffective for failing to investigate trial counsel's conflict of interest, by trial counsel representing Mr. Bueno and his co-defendant Ms. Rivera. Whereby denying Mr. Bueno his sixth amendment right to effective assistance of counsel at a critical stage.

Claim Three: PCRA Counsel was ineffective by failing to raise that trial counsel was ineffective for failing to challenge the affidavit of probable cause that was used to obtain the search warrant.

Appellant's Brief at 1-2 (verbatim).

Upon review, we affirm the PCRA court's order dismissing Appellant's PCRA petition, albeit on different grounds. *See Commonwealth v. Truong*, 36 A.3d 592, 593 n.2 (Pa. Super. 2012) (*en banc*) (an appellate "court may affirm for any reason, including such reasons not considered by the lower court").

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. *See Commonwealth v. Wharton*, 263 A.3d

561, 567 (Pa. 2021). However, as the timeliness of a PCRA petition is a jurisdictional prerequisite, we address that issue first. *See Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation omitted)).

"A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a PCRA petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the petitioner's underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

We reiterate that this Court affirmed Appellant's judgment of sentence on February 9, 2024. *Bueno*, 2024 WL 510987, at *4. Appellant did not file a petition for allowance of appeal with our Supreme Court within the 30-day period set forth in Pa.R.A.P. 1113(a). Accordingly, Appellant's judgment of sentence became final for PCRA purposes on Monday, March 11, 2024,[3] when the time for filing a timely petition for allowance of appeal in our Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3).

It appears that the PCRA court, appointed counsel, and the Commonwealth all viewed the PCRA petition as timely because Appellant sought **untimely** discretionary review with our Supreme Court. As noted,

---

[3] The last day to file a timely petition for allowance of appeal was Monday March 11, 2024, as the thirtieth day fell on a Sunday March 10, 2024. *See* 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period falls on a Saturday, Sunday, or any legal holiday, such day shall be omitted from the computation).

Appellant filed a petition for leave to file a petition for allowance of appeal *nunc pro tunc* on May 28, 2024, and our Supreme Court denied the petition on November 19, 2024. Order, 11/19/24, 77 MM 2024 (single page). Importantly, our Supreme Court denied Appellant *nunc pro tunc* status; it did not deny a petition for allowance of appeal. ***See id.*** Appellant's petition for leave to file a petition for allowance of appeal *nunc pro tunc* that was denied by our Supreme Court does not alter date on which his judgment of sentence became final under the PCRA. An *en banc* panel of our Court explained:

> [The appellant's] judgment of sentence became final upon expiration of 30-day period to file petition for allowance of appeal to Supreme Court from Superior Court's decision affirming judgment of sentence; [the] fact that [the] appellant filed [an] untimely petition for allowance of appeal *nunc pro tunc* with [our] Supreme Court after expiration of 30-day period, which [our] Supreme Court denied, does not alter date on which [the a]ppellant's judgment of sentence became final for purposes of PCRA[.]

***Commonwealth v. Postie***, 200 A.3d 1015, 1020 (Pa. Super. 2018) (*en banc*) (citing ***Commonwealth v. Hutchins***, 760 A.2d 50, 54 (Pa. Super. 2000)). Therefore, Appellant had until March 11, 2025, one year from the date that his judgment of sentence became final, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b).

We recognize that Appellant was incarcerated when he filed his *pro se* PCRA petition that was docketed on March 24, 2025. The "prisoner mailbox rule," provides:

> **Date of filing for incarcerated persons.** -- A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the

filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f). To receive the benefit of the prisoner mailbox rule, the *pro se* prisoner bears the burden to prove the date they delivered the document to prison authorities for filing. **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997). Here, the certificate of service attached to Appellant's *pro se* PCRA petition bears a handwritten date of March 19, 2025, next to Appellant's signature. There is no cash slip or other reasonably verifiable evidence that Appellant's PCRA petition was turned over to prison authorities prior to March 19, 2025. As such, the earliest verifiable date that Appellant can establish that he turned over to prison authorities for filing his PCRA petition is March 19, 2025, which is eight days beyond the one-year period Appellant had to file a timely petition. Therefore, Appellant's PCRA petition was facially untimely, and Appellant did not address, much less prove, any exception to the one-year filing requirement under the PCRA.

In sum, we conclude that Appellant's PCRA petition was facially untimely and did not assert any exception to the PCRA time-bar. Accordingly, the petition should not have been reviewed at all but rather summarily denied as untimely. **Commonwealth v. Giles**, ____A.3d____, 2026 WL 1141807, at *5 (Pa. Super. 2026). "Because it was Appellant's burden to plead and prove an

exception to the PCRA time-bar, we may affirm the PCRA court's denial of PCRA relief on that basis." *Id.* (citing *Truong*, 36 A.3d at n.2).[4]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/23/2026

---

[4] We recognize the merits in Appellant's first claim that the PCRA court failed to strictly comply with Pa.R.Crim.P. 907 when it dismissed Appellant's petition. "While we do not condone the [PCRA] court's error in this regard, we will not provide Appellant with relief on this issue as our independent review has determined that Appellant failed to invoke the jurisdiction of the [PCRA] court by failing to plead and prove the applicability of the timeliness exceptions contained in 42 Pa.C.S. § 9545(b)(1)(i)–(iii)." *Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000).